(86 South. 86)

LINDSEY v. STATE. (6 Div. 642.)

(Court of Appeals of Alabama. Jan. 20, 1920. Rehearing Denied Feb. 10, 1920. Reversed on Mandate June 30, 1920.)

1. WITNESSES ⬥⟾363(1) — INTEREST OR BIAS OF WITNESS MAY BE SHOWN.

It is always permissible to show any interest or bias a witness may have in a case.

2. WITNESSES ⬥⟾372(1)—OBJECTION TO GENERAL QUESTION AS TO INTEREST IN CASE PROPER.

Court properly sustained state's objection to the question to a state's witness, "You are just trying to save yourself?" being general in its nature and pointing out no specific way in which the witness was trying to save himself.

3. WITNESSES ⬥⟾387 — CROSS-EXAMINATION AS TO INCONSISTENT STATEMENTS HELD OBJECTIONABLE.

In a prosecution under the prohibition law, the court properly sustained state's objection to a question to one of its witnesses on cross-examination, "You testified' two ways in the county court?" it not appearing what the subject-matter of the testifying in the county court was, and the witness' attention not being called to the matters to which reference was had by the question.

4. CRIMINAL LAW ⬥⟾338(3) — ADMISSION OF EVIDENCE PROPER, IN VIEW OF OTHER TESTIMONY.

In a prosecution under the prohibition law, where a witness for the state testified that he was sheriff of the county during a certain month and that B. was deputy sheriff, the court properly overruled defendant's objection to the question, "Did he (B.) turn over to you 2½ gallons of whisky or peach brandy?" and properly refused to exclude the answer, "Yes, sir;" another witness having testified that he purchased such an amount of brandy from the defendant, and that B. got it before he got home.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

William Lindsey was convicted of violating the prohibition law, and he appeals. Originally affirmed, but later reversed and remanded, in obedience to mandate of the Supreme Court on certiorari. 204 Ala. 394, 86 South. 87.

E. B. & K. V. Fite and C. E. Mitchell, all of Hamilton, for appellant.

Counsel discuss the errors assigned, but without citation of authority.

---

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. The defendant was tried and convicted for a violation of the prohibition laws, and from the judgment appeals to this court.

[1-3] Emmett Colburn a witness for the state testified that he purchased 2½ gallons of peach brandy from the defendant and paid him $15 for it; that he drank some of it, and that it was intoxicating; that the brandy was in a jug; that he went to defendant's house, where the purchase and delivery of the brandy was made; that Mr. Burpo Wilson, the deputy sheriff, got it before he got home with it. On cross-examination the witness was asked this question by defendant's counsel, "You are just trying to save yourself?" . The court sustained the solicitor's objection to the question.

It is always permissible to show any interest or bias a witness may have in a case, and as regards this witness the jury had heard his testimony that he had been threatened, and that he would probably be prosecuted, if the defendant was not convicted, all of which would go to his credibility as a witness, and be weighed by the jury in determining what weight they would give it; but the question to which objection was timely made was general in its nature, and pointed out no specific way in which the witness "was trying to save himself," and for this reason, if for none other, was objectionable. On cross-examination this further question was asked the witness by defendant's counsel, "You testified two ways in county court?" The court sustained the solicitor's objection to the question, and in so doing did not commit any error. This was not the way to attempt to impeach the witness by showing that he had sworn in a contradictory way. It did not appear what the subject-matter of the testifying in the county court was. The witness should at least have had his attention called to the matters in the county court to which reference was had by the question.

[4] John Haney, a witness for the state, testified that in August, 1918, he was sheriff of the county, and Burpo Wilson was deputy sheriff. This was the month in which the alleged offense was said to have been committed. The solicitor asked the witness this question, "Did he (Burpo Wilson) turn over to you 2½ gallons of whisky or peach brandy?" Objection was made to the question; the witness answered, "Yes, sir;" and the defendant made a motion to exclude the answer. The witness Emmett Colburn had previously testified that, after purchasing the brandy and before he got home, Mr. Wilson got it. We think it was proper for this to go before the jury, to be considered along with the other evidence in the case. On cross-examination the defendant could have fully tested out as to whether it was the same brandy that Colburn delivered to Wilson.

We have carefully considered the record in this case, and, finding no reversible error, the case is affirmed.

Affirmed.

June 30, 1920. Reversed and remanded, in accordance with the mandate of the Supreme Court in Ex parte Wm. Lindsey, 204 Ala. 394, 86 South. 87.